# EXHIBIT 56



# JONES WALKER

Mark A. Cunningham
Direct Dial (504) 582-8536
Direct Fax (504) 589-8536
mcunningham@joneswalker.com

August 4, 2006

**VIA FACSIMILE**

Joseph W. Sabol, II, Esq.
225 East Mendenhall
Bozeman, Montana 59715

Re:   Axonn, L.L.C. v. Orbit One Communications, Inc. and Gary Naden,
      Our File No. 07860204

Dear Mr. Sabol:

I appreciate you taking the time to respond to my June 29, 2006 letter to Orbit One Communications, Inc. ("Orbit One"). Although we see little merit in an endless exchange of letters, we believe it is important for you to understand that our client, Axonn, L.L.C. ("Axonn"), continues to view Orbit One's actions as egregious and further views its culpability for those actions substantially differently than presented in your letter.

In your letter, you advised me that Orbit One takes the position that its hiring of Gary Naden did not breach its nonsolicitation obligations to Axonn because it had a pre-existing "working relationship" with Mr. Naden. However, the nonsolicitation agreement between our clients did not contain an exception for employees already known to the other party. Nor can such an exception be fairly read into the plain language of the agreement.

You also advised me that Orbit One alternatively claims that it did nothing wrong because Mr. Naden solicited Orbit One. If this were true, you would be correct. Yet, before his departure from Axonn, Mr. Naden informed Messrs. Dalton and DiBella that David Ronsen unambiguously solicited him and not vice versa. We see no reason why Mr. Naden would misrepresent his communications and cannot ignore his admission particularly when Messrs. Naden and Orbit One went to the trouble of preparing and executing a "superseding" nondisclosure agreement in an attempt to weaken Axonn's protections against Orbit One hiring key employees. If you have any documentation to support your position that Mr. Ronsen did not solicit Mr. Naden, we would be happy to consider it, although any such documentation would be suspect given Mr. Naden's admissions.

{N1535401.1}

JONES, WALKER, WAECHTER, POITEVENT, CARRÈRE & DENÈGRE L.L.P.

201 ST. CHARLES AVENUE  NEW ORLEANS, LOUISIANA 70170-5100 · 504-582-8000  FAX 504-582-8583 · E-MAIL info@joneswalker.com  www.joneswalker.com
BATON ROUGE   HOUSTON   LAFAYETTE   MIAMI   NEW ORLEANS   WASHINGTON, D.C.

CONFIDENTIAL

NUM00667928

August 4, 2006
Page 2

You also argue that Axonn has no reason to allege that Mr. Naden has disclosed trade secrets or other proprietary information to Orbit One. We disagree. We already know that Mr. Naden disclosed an unapproved version of Axonn proprietary DARCI software to Orbit One on July 5, 2006. We also know that Orbit One has previously communicated its plan to design and develop products competitive to Axonn's products and to design around Axonn technology and we believe that the easiest means to do so would be to engage Mr. Naden to assist Orbit One in these efforts. We believe these facts, together with Orbit One's continuing refusal to certify that it has not received proprietary information or trade secrets from Mr. Naden, provide more than ample support for Axonn's view that Orbit One and Mr. Naden have misappropriated Axonn technology.

Finally, you make several allegations against Axonn which are untrue. First, you claim that Messrs. Olsavsky and Dalton solicited an Orbit One employee in "late 2005 and again in early 2006." Axonn is not aware of any such solicitation. Additionally, if any such solicitation occurred, ironically, Mr. Naden would have been at the forefront of it, and it is unclear to us why Orbit One would wait to complain about it until now.

Second, you suggest that Axonn has breached its non-disclosure obligations by disclosing the existence of the Axonn/Orbit One dispute to third parties. I am not aware of any agreements between the parties which would prohibit them from disclosing the existence of their dispute. More significantly, we understand that Orbit One, not Axonn, has been the source of third-party disclosures. By way of example, Globalstar and Stratix contacted Axonn to inquire about the dispute only after learning about the dispute from Orbit One. Unlike Orbit One, Axonn responded to both inquiries but did not provide any detail on the dispute.

Lastly, you claim that Axonn has "interfered" with the business relationship between Orbit One and Stratix by suggesting that Stratix purchase Axonn AxTracker products directly from Axonn. In support of this position, you claim that Axonn "has no direct business relationship with Stratix and is required to honor the customer exclusivity which has been created through the efforts of [your] client." What this statement fails to recognize is that: (1) Axonn senior management had a business relationship with Stratix senior management long before Orbit One had any business relationship with Stratix; (2) Axonn promoted Orbit One to Stratix; and (3) the Supply Agreement in no way restricts Axonn from selling AxTrackers directly to Stratix or any other customer so long as Stratix or any such other customer is not selling the AxTrackers for use by FEMA or the U.S. Corps of Army Engineers in the "Emergency Management Market" as that term is defined in the Supply Agreement.

Please know that Axonn has no intention of selling its AxTrackers for use by FEMA or the U.S. Corps of Army Engineers in the Emergency Management Market as that term is defined in the Supply Agreement or otherwise breaching the Supply Agreement as long as it remains in effect. However, you should advise Orbit One that it has severely damaged its business relationship with Axonn and that Axonn will take all legal measures necessary to protect its

CONFIDENTIAL

NUM00667929

August 4, 2006
Page 3

rights should it determine that Orbit One is continuing to act in breach of its agreements with Axonn or is infringing or misappropriating any of Axonn's intellectual property. Further, Orbit One has failed to respond to Axonn's requirements to resolve the dispute, and consequently until the current dispute is resolved in a manner satisfactory to Axonn, Axonn is not interested in discussing an expansion of its business relationship with Orbit One. Axonn will, however, continue to sell AxTrackers to Orbit One pursuant to the terms of the Supply Agreement.

If you have any questions about this letter, please call me at (504) 582-8536.

Sincerely,

Mark Cecil

Mark A. Cunningham

MAC/ksc
cc: Axonn, L.L.C.

{N1533401.1}

CONFIDENTIAL

NUM00667930